IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01383-RPM-KLM

SANDRA SHOCK,

     Plaintiff,

v.

VANDENBERG, CHASE AND ASSOCIATES LLC,

     Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Plaintiff's Motion and Memoranda in Support of Entry of Default Judgment** [Docket No. 12; Filed October 14, 2012] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion is referred to this Court for recommendation. *Order of Reference of Motion for Default Judgment* [#13]. Plaintiff seeks entry of default judgment against Defendant Vandenberg, Chase and Associates LLC ("Defendant"). Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court entered default against Defendant on July 27, 2012. *Clerk's Entry of Default* [#9]. Defendant has not responded to Plaintiff's Complaint or the present Motion. For the reasons set forth below, the Court recommends that the Motion be **GRANTED IN PART** as stated herein.

## I. BACKGROUND

**A.    Procedural History**

     Plaintiff initiated this lawsuit on May 26, 2012, alleging violations of the Fair Debt

1

Collection Practices Act ("FDCPA").  *Complaint* [#1].  Plaintiff effected service on Defendant on June 11, 2012.  *Proof of Service* [#6].  Defendant failed to file an answer or otherwise respond to Plaintiff's Complaint.

A Scheduling/Planning Conference was set for September 17, 2012.  *Order* [#5]. On July 3, 2012, Plaintiff filed a Request for Entry of Default.  *Motion for Entry of Default* [#7].  The Clerk of Court entered default against Defendant on July 27, 2012.  *Clerk's Entry of Default* [#9].  The Court vacated the scheduling conference and ordered Plaintiff to file a Motion for Default Judgment no later than October 12, 2012.  *Minute Order* [#10].  On October 14, 2012, Plaintiff voluntarily dismissed Defendants DOE 1-5.  *Notice of Voluntary Dismissal as to Doe 1-5* [#11].   Plaintiff also filed the Motion at issue.  *Motion* [#12]. Defendant failed to file a response.

## B.    Factual Allegations

Plaintiff alleges in the Complaint that beginning on May 27, 2011, Defendant engaged in collection efforts against Plaintiff regarding a consumer debt.[1]  *Complaint* [#1] at 2.  Plaintiff contends that on May 27, 2011, she received a voicemail message from Defendant in which Defendant requested that Plaintiff or her attorney call Defendant to "'make a statement' regarding the alleged debt."  *Id.*  She alleges that from May 27, 2011 through August 9, 2011, Defendant called her on a daily basis and left messages on her home, cellular, and work phones.  *Id.* at 3.   In these messages, Defendant allegedly threatened Plaintiff, including threatening to "escalate the complaint for further litigation" if

---

[1]   As further explained below, in making a recommendation on a motion for default judgment, the Court accepts the well-pled (as opposed to merely conclusory) allegations of Plaintiff's Complaint as true.  *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citation omitted).

she failed to call Defendant within forty-eight hours. *Id.* Plaintiff contends that in these messages, Defendant failed to provide the caller's name, provide the name of Defendant's company, identify itself as a debt collector, or notify Plaintiff that the "calls were being made in an attempt to collect a debt." *Id.* at 2-3. Plaintiff further alleges that Defendant continued to contact her even after learning that she was represented by counsel. *Id.* at 3.

Based on these actions, Plaintiff claims that Defendant violated the FDCPA. *See id.* at 3-5. More specifically, Plaintiff alleges in Counts One through Five that Defendant violated: (1) 15 U.S.C. §§ 1692d(6) and 1692e(11) by failing to provide the caller's name, provide the name of Defendant's company, identify itself as a debt collector, or notify Plaintiff that the "calls were being made in an attempt to collect a debt;" (2) 15 U.S.C. §§ 1692d and 1692e by threatening to "escalate the complaint for further litigation" despite the fact that there was no pending litigation; (3) 15 U.S.C. § 1692d by calling Plaintiff numerous times to "harass, oppress . . . or abuse Plaintiff;" (4) 15 U.S.C. § 1692g by failing to provide Plaintiff with the "requisite validation information on the alleged debt within five days of the initial communication with Plaintiff;" and (5) 15 U.S.C. § 1692c(2) by calling Plaintiff directly despite knowing that she was represented by counsel. *Id.*

## II. ANALYSIS

Pursuant to Fed. R. Civ. 55, default may enter against a party who fails to appear or otherwise defend a lawsuit. Here, entry of default was proper because Defendant failed to respond to Plaintiff's Complaint. Before proceeding with a default judgment, however, the Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment and whether the damages can be ascertained.

## A.      Jurisdiction

In determining whether the entry of default judgment is warranted here, the Court must first consider whether it may exercise subject matter and personal jurisdiction over the parties and the dispute. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Williams*, 802 F.2d at 1203.

### 1.      Subject Matter Jurisdiction

Plaintiff asserts that the Court has subject matter jurisdiction over this lawsuit based on federal question jurisdiction. *See Complaint* [#1] at 1. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's causes of action arise under various provisions of the FDCPA, which is a federal statute. *Id.* The Court therefore, has jurisdiction over the subject matter.

Additionally, pursuant to a jurisdictional provision in the FDCPA at 15 U.S.C. § 1692k(d), a plaintiff may pursue a civil cause of action "in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs." Plaintiff filed this action on May 26, 2012, which is less than one year after the alleged phone calls and voicemail messages. *See id.* at 2-3. The Court therefore finds that Plaintiff's allegations satisfy the jurisdictional provision of the FDCPA. Accordingly, based on federal question jurisdiction and what appears to be a timely-filed

4

Complaint, the Court finds that it has subject matter jurisdiction over this dispute.

### 2.    Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 773. As referenced above, in making a determination on a motion for default judgment, the Court accepts the well-pled allegations of Plaintiff's Complaint as true. However, this deferential pleading standard does not extend to statements of legal conclusion couched as fact. *Cf. Miller v. Kelly*, No. 10-cv-02132-CMA-KLM, 2010 WL 4684029, at *4 (D. Colo. Nov. 12, 2010) (citations omitted) ("While the Court accepts Plaintiff's well-pled allegations as true for the purpose of establishing personal jurisdiction over Defendant . . . it accords no deference to Plaintiff's conclusory and wholly unsupported allegations.").

The Court must first address the adequacy of service in making its determination as to whether it has personal jurisdiction over Defendant. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). Plaintiff's Complaint identifies Defendant as a limited liability corporation ("LLC"). *See Complaint* [#1]. Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association. Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by

law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(B).  On July 3, 2012, Plaintiff filed a return of service demonstrating that a private process server personally delivered the summons to an officer of Defendant.  *See Summons* [#6].  The Court therefore finds that Plaintiff has obtained adequate service and satisfied Fed. R. Civ. P. 4(h).

"Where a court possesses subject matter jurisdiction, . . . the parties may waive lack of personal jurisdiction."  *Gardner v. City & Cnty. of Denver*, 671 F. Supp. 713, 714 (D. Colo. 1987) (citation omitted).  Pursuant to Fed. R. Civ. P. 12(h)(1), a party may waive a defense premised on lack of personal jurisdiction by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading . . . ."  In the Complaint, Plaintiff's only assertion in support of an exercise of personal jurisdiction over Defendant is that Defendant "engaged in unlawful acts alleged against Plaintiff while Plaintiff" resided in Colorado.[2]  *Complaint* [#1] at 1.  Despite the fact that, having failed to respond to the Complaint, Defendant did not raise personal jurisdiction as a defense, "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond."  *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing *V.T.A., Inc. v Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979)).

> Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.  In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.

*Id.* at 1203.

Plaintiff asserts in the Complaint that Defendant maintains its principal place of

---

[2] Plaintiff states that she resides in Colorado Springs, Colorado.  *Complaint* [#1] at 2.

business in Atlanta, Georgia.  *Complaint* [#1] at 2.  As a court of limited jurisdiction, this Court may only exercise jurisdiction over nonresident defendants if: (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution.  *See Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions."  *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

The Due Process Clause requires that the Court conduct a two-step analysis of personal jurisdiction.  First, the Court must examine "whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being haled into court there."  *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citation and quotation mark omitted).  Second, if the defendant has sufficient contacts, the Court then asks "whether the court's exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is "reasonable" under the circumstances.  *Id.* (citation and some quotation marks omitted).

### a.    Minimum Contacts

The "minimum contacts" requirement of due process may be met in two ways, through either the showing of the existence of general or specific jurisdiction.  *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir.1996).

7

The requisite minimum contacts exist if the non-resident defendant has continuous and systematic contacts with the forum state (general jurisdiction) or if the defendant (i) has purposefully directed activities at forum residents or otherwise acted to avail itself purposefully of the privilege of conducting activities there and (ii) the litigation results from alleged injuries that arise out of or relate to those activities (specific jurisdiction).

*Impact Prods. Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1190 (D. Colo. 2004).

### i.        General Jurisdiction

General jurisdiction lies when the defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise personal jurisdiction over the defendant, even if the suit is not related to the defendant's activities within the state. *Trierweiler*, 90 F.3d at 1533 (citation omitted). Here, there is no indication that Defendant had continuous and systematic contact with Colorado. According to the Complaint, Defendant's principal place of business is 925 Peachtree Street NE, Suite 403, Atlanta, GA. *Complaint* [#1] at 2. Additionally, Plaintiff's private process server personally delivered the summons to an officer of Defendant at 1360 Peachtree Street NE, Suite 1201, Atlanta, GA 30309. *See Summons* [#6]. Plaintiff fails to provide any allegations that would lead the Court to believe that Defendant's contacts with the forum state of Colorado have been continuous and systematic. Because Plaintiff has not established that Defendant has "continuous and systematic general business contacts" with Colorado, an exercise of general personal jurisdiction over Defendant is improper. *See Benton v. Cameco*, 375 F.3d 1070, 1081 (10th Cir. 2004).

### ii.        Specific Jurisdiction

To determine whether specific jurisdiction over Defendant is appropriate, the Court must examine whether: (1) Defendant purposefully directed its activities at Colorado or its

residents or acted in some other way by which it purposefully availed itself of the benefits and protections of conducting business in Colorado, and (2) Plaintiff's claims arise out of or relate to Defendant's forum-related activities.   *Impact Prods.*, 341 F. Supp. 2d at 1190.

Here, Plaintiff alleges that she received daily phone calls and voicemail messages on her home, cellular, and work phones in Colorado in violation of the FDCPA.   *Complaint* [#1] at 2-5.  "It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts."  *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) (citations omitted) (finding that "ten-to-twenty scattered contacts alleged in negotiating a contract" did not constitute minimum contacts).  However, a single letter or phone call to a forum may be enough to meet due process standards as long as that single contact creates a substantial connection with the forum.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988) (citing *Burger King*, 471 U.S. at 475).

Defendant contacted Plaintiff in Colorado to collect a debt, an act which is regulated by the FDCPA.  "Because [Defendant's] [phone calls and voicemail messages are] the nucleus of the alleged wrongful conduct rather than just an ancillary contact with the forum, it was reasonable to have anticipated being hailed into [Colorado] court on claims based upon the [phone calls and voicemail messages]."  *Russey v. Rankin*, 837 F. Supp. 1103, 1105 (D.N.M. 1993) (citations omitted) (holding that the District of New Mexico had personal jurisdiction over an out-of-state debt collector because the debt collector sent "one or more collection letters to a New Mexico resident when the cause of action is based upon that contact.").  Furthermore, Defendant threatened to "escalate the complaint for further litigation."  *Complaint* [#1] at 3.  Because Plaintiff resides in Colorado, any legal action taken against Plaintiff would likely occur in Colorado.  *Id.* at 1; *see Bryner v. Mancini, Welch*

*& Geiger LLP*, No. 2:09-CV-1060 TS, 2010 WL 1418882 (D. Utah April 7, 2010) (noting the significance of the location of a defendant debt collector's threatened actions against a plaintiff when addressing personal jurisdiction over an out-of-state defendant).  Therefore, allegations of placing phone calls to Plaintiff, which allegedly violated the FDCPA, are "sufficient to show that Defendant purposefully directed [its] debt collection activities at [a] resident[] of [Colorado] and purposefully availed [itself] of the privilege of doing business in [Colorado] and that [P]laintiff's claims arose out of that Defendant's forum-related activities." *Wensauer v. Martorella*, No. CIV-08-467-F, 2008 WL 4131112 at *1 (W.D. Okla. Aug. 29, 2008) (holding that the Western District of Oklahoma had personal jurisdiction over an out-of-state debt collector because the debt collector allegedly sent letters to plaintiff in Oklahoma in violation of the FDCPA).  Accordingly, the Court finds that specific jurisdiction over Defendant exists here.

### b.    Traditional Notions of Fair Play and Substantial Justice

Additionally, exercising jurisdiction over Defendant does not "offend traditional notions of fair play and substantial justice."  *See Impact Prods.*, 341 F. Supp. 2d at 1190. Regarding "traditional notions of fair play and substantial justice," courts consider:

> (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states [or foreign nations] in furthering fundamental social policies.

*Dudnikov*, 514 F.3d at 1080 (citation omitted).

First, the Court's exercise of jurisdiction over Defendant would not create an undue burden on Defendant.  "[I]t is only in highly unusual cases that inconvenience will rise to a level of constitutional concern.  Certainly in this age of instant communication, and modern

transportation, the burdens of litigating in a distant forum have lessened." *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1212-13 (10th Cir. 2000) (citations, quotations, and footnote omitted). Therefore, requiring Defendant to travel from Georgia to defend this action in Colorado would not create an undue burden.

Second, "[s]tates have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1096 (10th Cir.1998). Although Defendant likely made the alleged phone calls from Georgia, Plaintiff received them in Colorado. *Complaint* [#1] at 2-3. Therefore, any injury to Plaintiff occurred in Colorado and any threatened injury was threatened to occur in Colorado. Accordingly, Colorado has an important interest in providing a forum for Plaintiff to seek redress for her injuries.

The third factor "hinges on whether the [p]laintiff may receive convenient and effective relief in another forum," *Benton*, 375 F.3d at 1079, and the fourth factor asks "whether the forum state is the most efficient place to litigate the dispute," *id.* at 1080 (quotations and citation omitted). In this case, Plaintiff could receive effective, albeit less convenient, relief in Georgia. However, Colorado is the most efficient forum to litigate this dispute because Plaintiff resides in Colorado, Plaintiff received all communications from Defendant in Colorado, and the out-of-state Defendant has not responded to Plaintiff's Complaint or the present Motion. Therefore, the third and fourth factors weigh in favor of exercising personal jurisdiction over Defendant in Colorado.

The fifth factor "focuses on whether the exercise of personal jurisdiction by [the forum] affects the substantive social policy interests of other states or foreign nations." *Id.* (quotations and citations omitted). The purposes behind the FDCPA are:

11

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).  Additionally, 15 U.S.C. § 1692k(d) states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . ."  Thus, exercising personal jurisdiction over Defendant in the forum where Plaintiff resides and was allegedly injured furthers the policy interests of all states. For these reasons, the Court finds that exercising jurisdiction over Defendant does not "offend traditional notions of fair play and substantial justice."  Accordingly, the Court finds that it may exercise personal jurisdiction over Defendant.

## B.    Default Judgment

As indicated above, entry of default pursuant to Fed. R. Civ. P. 55(a) was proper because Defendant failed to respond to Plaintiff's Complaint.  The Court must now decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted).  "'[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection.'"  *In re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

"[A] party is not entitled to a default judgment as of right; rather the entry of default

judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (quoting *Cablevisions of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).  Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Id.* (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 430 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation.  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186 at *1 (D. Colo. July 10, 2009).  The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits.  *Id.*

### 1.    Plaintiff's FDCPA Claims

Plaintiff's claims against Defendant in this case arise pursuant to the FDCPA.  *See Complaint* [#1].  The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Plaintiff alleges that Defendant's debt collection practices generally violated 15 U.S.C. §§ 1692d, 1692e, and 1692g, and specifically violated 15 U.S.C. §§ 1692c(2), 1692d(6), and 1692e(11).  *Complaint* [#1] at 3-5.  Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court recommends that default judgment be entered against Defendant on Plaintiff's claims for all but one of the alleged violations.

The FDCPA specifically defines "debt collectors" as those engaged in "any business

13

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).   The plaintiff in an FDCPA claim bears the burden of proving the defendant's debt collector status. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Caroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004).  Plaintiff avers that on May 25, 2011, Defendant obtained the right to collect Plaintiff's alleged debt and from May 27, 2011 through August 9, 2011, Defendant attempted to collect the debt. *Complaint* [#1] at 2-3. Therefore, the Court finds that Plaintiff's allegations establish that Defendant is a "debt collector" pursuant to the FDCPA.

Additionally, the FDCPA defines "communication" as the "conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2).   Therefore, a voicemail message qualifies as a "communication" within the meaning of the FDCPA. *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301, 1304 (D. Colo. 2011).  Accordingly, the alleged voicemail messages that Defendant left for Plaintiff are communications governed by the FDCPA.

The standard for determining whether a debt collection practice violates the FDCPA is objectively based on whether the "least sophisticated consumer" would find the practice deceptive or misleading. *See Ferree v. Marianos*, 1997 WL 687693, No. 97-6061, at *1 (10th Cir. Nov. 3, 1997) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) ("[T]he test is how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer – understands the notice he or she receives.")).   The least sophisticated consumer may, however, "be presumed to possess a rudimentary amount of information

about the world and a willingness to read a collection notice with some care." *Ferree*, 1997 WL 687693, at *1 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

### a.    Count I

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692d(6) and 1692e(11) by failing to provide the caller's name, provide the name of Defendant's company, identify itself as a debt collector, or notify Plaintiff that the "calls were being made in an attempt to collect a debt." *Complaint* [#1] at 3.

### i.    15 U.S.C. § 1692d(6)

15 U.S.C. § 1692d prohibits debt collectors from utilizing collection practices of which "the natural consequence . . . is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." More specifically, "[Section] 1692d(6) requires a debt collector to disclose its company name in a voicemail left for a consumer." *Torres v. ProCollect, Inc.*, 865 F. Supp. 2d 1103, 1105 (D. Colo. 2012). Plaintiff alleges that Defendant left Plaintiff voicemail messages, but failed to provide the caller's name, provide the name of Defendant's company, or identify itself as a debt collector. *Complaint* [#1] at 3. Because the Court deems the well-pleaded facts of the Complaint to be true, the Court finds that Plaintiff has established that Defendant violated 15 U.S.C. § 1692d(6).

### ii.    15 U.S.C. § 1692e(11)

15 U.S.C. § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(11) prohibits:

[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Plaintiff alleges that Defendant left Plaintiff voicemail messages, but failed to notify Plaintiff that the "calls were being made in an attempt to collect a debt." *Complaint* [#1] at 3. The Court finds that Plaintiff has established that Defendant violated 15 U.S.C. § 1692e(11).

### b.    Count II

Plaintiff next alleges that Defendant violated 15 U.S.C. §§ 1692d and 1692e, particularly 1692e(5), by threatening to "escalate the complaint for further litigation" unless Plaintiff called Defendant within forty-eight hours, despite the fact that there was no pending litigation. *Complaint* [#1] at 4.

### i.    15 U.S.C. § 1692d

15 U.S.C. § 1692d prohibits debt collectors from utilizing collection practices of which "the natural consequence . . . is to harass, oppress, or abuse any person in connection with the collection of a debt." Plaintiff alleges that Defendant left Plaintiff threatening voicemail messages on a daily basis. *Complaint* [#1] at 3. The Court therefore finds that the threat alleged here is sufficient to establish that Defendant violated 15 U.S.C. § 1692d.

### ii.    15 U.S.C. § 1692e

15 U.S.C. § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

16

1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."  Plaintiff fails to allege that Defendant threatened to take action that could not "be taken or that [it was] not intended to be taken."  15 U.S.C. § 1692e(5). Accordingly, the Court finds that Plaintiff has not established that Defendant violated 15 U.S.C. § 1692e(5).

However, 15 U.S.C. § 1692e(2)(b) prohibits the false representation of "the character, amount, or legal status of any debt."  Plaintiff alleges that Defendant implied litigation was pending by stating that Defendant would "escalate the complaint for *further* litigation."  *Complaint* [#1] at 4; *Motion* [#12] at 4 (emphasis added).  The Court therefore finds that Plaintiff has established that Defendant violated 15 U.S.C. § 1692e(2)(b).

Moreover, 15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  The Court finds that Defendant's alleged threat to "escalate the complaint for further litigation," when there was no pending litigation, is sufficient to show deceptive means.  *Id.*  The Court therefore finds that Plaintiff has established that Defendant violated 15 U.S.C. § 1692e(10).

c.    **Count III**

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1692d by calling Plaintiff numerous times to "harass, oppress . . . or abuse Plaintiff."   *Complaint* [#1] at 4.  As referenced above, 15 U.S.C. § 1692d prohibits debt collectors from utilizing collection practices of which "the natural consequence . . . is to harass, oppress, or abuse any person in connection with the collection of a debt."   15 U.S.C. § 1692d(5) prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation

repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  Plaintiff alleges that Defendant called Plaintiff an excessive number of times and left threatening voicemail messages.  *Complaint* [#1] at 3-4.  The Court finds that these allegations are sufficient to establish that Defendant violated 15 U.S.C. § 1692d(5).

### d.    Count IV

Plaintiff next alleges that Defendant violated 15 U.S.C. § 1692g by failing to provide Plaintiff with the "requisite validation information on the alleged debt within five days of the initial communication with Plaintiff."  *Complaint* [#1] at 4.  15 U.S.C. § 1692g(a) requires a debt collector to provide a consumer with certain information via a written notice "within five days after the initial communication with a consumer" if the initial communication lacked that information.  That information includes: 1) "the amount of the debt;" 2) "the name of the creditor to whom the debt is owed;" 3) a statement that "the debt will be assumed to be valid by the debt collector" unless the consumer timely challenges the debt;  4) a statement that "the debt collector will obtain verification of the debt or a copy of a judgment against the consumer" if the consumer timely challenges the debt; and 5) a statement that "the debt collector will provide the consumer with" the original creditor's name and address upon request.  15 U.S.C. § 1692g(a).

On May 27, 2011, Plaintiff alleges that she received a voicemail message from Defendant.  *Complaint* [#1] at 2.  Plaintiff contends that Defendant failed to provide her with any of the required notifications and failed to provide her with any form of written notice.  *Id.* at 2-3.  According to Plaintiff, Defendant subsequently confirmed its failure to mail Plaintiff written notice.  *Id.* at 3.  The Court therefore finds that Plaintiff has established that Defendant violated 15 U.S.C. § 1692g(a).

### e.   Count V

Lastly, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(2) by calling Plaintiff directly despite knowing that she was represented by counsel.  *Complaint* [#1] at 5.  15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer regarding the collection of debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . ."  On June 24, 2011, Plaintiff's counsel informed Defendant that he represented Plaintiff regarding her alleged debt.  *Id.* at 3.  However, Plaintiff alleges that Defendant continued to call Plaintiff directly.  *Id.*  The Court finds that Plaintiff has established that Defendant violated 15 U.S.C. § 1692c(a)(2).

### 2.   Damages

In addition to finding that Plaintiff has a legal basis for relief, default judgment cannot be entered until the amount of damages has been ascertained.  *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984).  A default judgment for money damages must be supported by proof.  *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).  This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence.  *See id.*

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Further, "[a]lthough upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily are not."  *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  In her Motion, Plaintiff requests entry of default judgment in the amounts of $1,000.00 in statutory

damages, $3,579.00 in attorney's fees, and $415.00 in costs. *Motion* [#12] at 6. The Court addresses each in turn.

### a.    Statutory Damages

The FDCPA sets a statutory maximum amount of damages at $1,000 per proceeding. 15 U.S.C. § 1692k(a)(2)(A); *see also Wright v. Fin. Servs. of Norwalk*, 22 F.3d 647, 650-52 (6th Cir. 1994); *Harper v. Better Bus. Servs. Inc.*, 961 F.2d 1562, 1563 (11th Cir. 1992). Thus, regardless of whether Plaintiff establishes a single violation or several violations of the FDCPA, the amount of statutory damages remains the same. *See Harper*, 961 F.2d at 1563. "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2nd Cir. 1998) (citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997)). Thus, a determination that Defendant has committed one violation of the FDCPA is sufficient for the Court to find in favor of Plaintiff as to statutory damages. *Santacruz v. Stanley & Assoc., LLC*, 10-cv-00623-CMA-CBS, 2011 WL 1043338, at *7 (D. Colo. Mar. 17, 2011).

Pursuant to 15 U.S.C. § 1692k(b)(1), in determining the amount of statutory damages in an FDCPA action, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1609 (2010) (the court "must" consider the provisions of Section 1692k(b) in awarding statutory "additional damages"); *Jackson v. Diversified Collection Servs., Inc.*, No. 09-cv-00680-WDM-BNB, 2010 WL 1931013 (D. Colo. May 13, 2010) (evaluating a request for increased statutory damages pursuant to

Section 1692k(b)(1)).

As stated herein, the Court finds that Defendant violated several provisions of the FDCPA. In light of these violations and Defendant's failure to respond to Plaintiff's Complaint, the Court recommends finding that the nature and willfulness of Defendant's noncompliance with the FDCPA justifies an award of $1,000 in statutory damages against Defendant.

### b. Attorney's Fees and Costs

The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983). *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted); *id.* at 1251 ("The district court is not bound by the opinions of the parties regarding the reasonableness of the time they spent on the litigation."). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the

hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Here, Plaintiff requests $3,579.00 in attorney's fees and supports this request with an invoice from Plaintiff's attorney. *Motion* [#12] at 6; *Invoice* [#12-5]. Plaintiff claims 10.38 attorney hours and 9.30 paralegal hours. *Id.* Plaintiff alleges that the attorney's hourly rate of $300.00 and the paralegal's hourly rate of $50.00 are reasonable. *Motion* [#12] at 7. Plaintiff's attorney is located in central California. *Id.* Plaintiff alleges that "the median billing rate for a partner exceeds $380.00 per hour in [ ] Denver, Colorado and $595.00 in central California." *Id.*; *2007 NJL Billing Summary* [#12-3]. Additionally, Plaintiff alleges that the "small-firm" average billing rate is $312.00 in Colorado and $350.00 in California. *Motion* [#12] at 7-8; *United States Consumer Law Attorney Fee Survey Report* [#12-4].

The Court finds that the hourly rates of $300.00 and $50.00 are reasonable in this jurisdiction. *See Shrader v. Beann*, No. 10-cv-01881-REB-MLW, 2012 WL 527480, at *3 (D. Colo. Feb. 12, 2012) (finding that an hourly rate of $425 for senior attorneys in the

Denver area is reasonable); *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, No. 09-cv-00717-CMA-BNB, 2011 WL 3568165, at *8-9 (D. Colo. Aug. 15, 2011) (same)).

Here, Plaintiff's attorney has prepared and filed: 1) a six-page"Complaint;" 2) a two-page "Request for Entry of Default;" 3) a two-page "Affidavit in Support of Request for Entry of Default;" 4) the nine-page Motion; and 5) a two-page "Affidavit in Support of Robert Amador in Support of Motion for Default Judgment." *Complaint* [#1]; *Request for Entry of Default* [#7]; *Affidavit in Support of Request for Entry of Default* [#8]; *Motion* [#12]; *Affidavit in Support of Robert Amador in Support of Motion for Default Judgment* ("*Aff. of Amador*") [#14]. Based on this Court's twenty-seven years of combined private and judicial experience and careful consideration of the evidence and the issues underlying this matter, the Court finds that Plaintiff's attorney hours and paralegal hours are reasonable. *See, e.g., Onesource Commercial Prop. Servs., Inc. v. City & Cnty. of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011). Therefore, the Court recommends awarding Plaintiff the lodestar calculation of $3,579.00 after determining that $300.00 and $50.00 are reasonable hourly billing rates, and 10.38 attorney hours and 9.30 paralegal hours are reasonable to expend on this case.

Additionally, Plaintiff requests $415.00 in costs. *Motion* [#12] at 6. Plaintiff alleges that she paid a $350 filing fee and a $65.00 *pro hac vice* fee. *Invoice* [#12-5] at 2. This Court has no *pro hac vice* fee, and Plaintiff did not pay any such fee in this litigation. The Court finds that the requested filing fee cost is reasonable and recommends awarding $350.00 in costs.

### III.  RECOMMENDATION

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion be

**GRANTED IN PART**,[3] and that default judgment be entered in favor of Plaintiff and against Defendant in the amount of $4,929.00, which includes statutory damages, attorney's fees, and costs.

Pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. CDOC*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  March 18, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[3]  The Court finds that Plaintiff has not established that Defendant violated 15 U.S.C. § 1692e(5).  Therefore, the Motion is denied as to that portion of Count II.